UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
..........................................................................

NXIVM CORPORATION, Formerly Known as
EXECUTIVE SUCCESS PROGRAMS, INC. and
FIRST PRINCIPLES, INC.,

                              Plaintiffs,

  - against -

THE ROSS INSTITUTE, RICK ROSS a/k/a
"RICKY ROSS", JOHN HOCHMAN and
STEPHANIE FRANCO,

                             Defendants.
..........................................................................

Verified Complaint

Civil Action No. 03-CV-

03-CV-0976

TJM / DRH

Plaintiffs, NXIVM Corporation, formerly known as Executive Success Programs, Inc. and First Principles, Inc., by and through their attorneys, Tobin and Dempf, LLP, as and for a complaint against defendants The Ross Institute, Rick Ross, John Hochman, and Stephanie Franco, states and alleges the following:

### Introduction

1.     This is an action against the defendants for their wrongfully obtaining trademarked proprietary materials of plaintiffs in violation of the trademarks, pending patents and a written confidentiality agreement, and then utilized the materials in a false, deceptive and misleading manner to obtain commercial benefit to themselves and at the expense of plaintiffs.

### Jurisdiction

2.     This is an action of a civil nature in which the material causes of action and issues of law or fact are alleged under 15 U.S.C. §1121, et al., and this Court has original jurisdiction thereof.

3.     Pursuant to 15 U.S.C. Section 1121, this case is properly within this Court pursuant to the original federal question jurisdiction of this Court. Jurisdiction of the New York State common law claims arise from the pendent jurisdiction of this court.

### The Parties

4.     At all times relevant hereto, plaintiff NXIVM Corporation, formerly known as Executive Success Programs, Inc. (hereinafter referred to as "Executive Success"), was a foreign corporation formed and existing under

the laws of the State of Delaware authorized to do business in the state of New York, with its principal place of business located at 455 New Karner Road, Albany, New York 12205.

5. At all times relevant hereto, plaintiff First Principles, Inc. (hereinafter referred to as "First Principles") was a foreign corporation formed and existing under the laws of the State of Delaware authorized to do business in the state of New York, with its principal place of business located at 455 New Karner Road, Albany, New York 12205.

6. Upon information and belief, and at all times relevant hereto, defendant The Ross Institute is a not-for-profit organization created and existing under the laws of the State of New Jersey.

7. Defendant The Ross Institute does business in the State of New York with respect to the materials subject to this claim, and knowingly disseminates from its website the materials subject to this litigation for distribution to the geographic confines of the Northern District of New York.

8. Upon information and belief, defendant Rick Ross (a/k/a "Ricky Ross") is an individual residing in the State of New Jersey.

9. Defendant Rick Ross has knowingly disseminated materials subject to this action within the jurisdiction of the Northern District of New York.

10. Upon information and belief, and at all times relevant hereto, defendant John Hochman was a licensed psychiatrist, with his principal place of business located at 9911 West Pico Boulevard, Suite 660, Los Angelos, California 90035.

11. Defendant John Hochman does business in the State of New York, and knowingly provides on the websites of defendants Rick Ross and The Ross Institute ("www.cultnews.com" and "www.rickross.com") materials subject to this claim for dissemination within the geographical confines of the Northern District of New York.

12. Defendant John Hochman knowingly authorized the dissemination of the materials subject to this litigation to be regularly accessed from the jurisdiction of the United States District Court for the Northern District of New York, and to be downloaded within the jurisdiction of the United States District Court for the Northern District of New York.

13. Upon information and belief, and at all times relevant hereto, defendant Stephanie Franco is an individual residing at 36 Darlington Road, Deal, New Jersey 07723, and committed the actions upon which this claim is based within the jurisdiction of the United States District Court for the Northern District of New York.

### The Facts

14. Executive Success operates professional business training programs to train businesspeople at the highest level of their professions, or those seeking to advance within business organizations, to develop analytical tools, logical approaches to problem-solving, and other training and analysis techniques.

15. Executive Success presents business training programs throughout the United States, including Alaska, California, Colorado, Arizona and New York, and have provided executive training programs in Mexico.

16. Executive Success trains business managers and chief executives of nationwide companies and managers of state agencies with up to forty business professionals earning upwards of a million dollars per year at any one time participating in the program at one of the Executive Success training sites. Included in its business training have been Sheila Johnson, the co-founder of the Black Entertainment Network (BET), the leader of the largest business restructuring firm in the world, and the former first lady of Mexico.

17. Executive Success is currently building a $70,000^{\pm}$ square foot facility in upstate New York, where it will center all of its programs, executive offices, and staff, which staff now number in excess of three hundred.

18. First Principles, Inc. has developed comprehensive trademark, copyright and proprietary written materials which, at all times pertinent hereto, have been exclusively licensed to Executive Success (hereinafter referred to as "protected materials").

19. The protected materials are all essential and material to the business of Executive Success and First Principles.

20. The principal protected materials for the training program is a written manual developed by plaintiffs and which is trademarked, copyrighted and proprietary in nature.

21. All enrollees in Executive Success programs are required to sign a Confidentiality Agreement agreeing to respect the confidentiality of the materials made available or provided to enrollees, and accede to the issuance of an injunction against the dissemination of those materials.

22. During a training program, Executive Success made available to defendant Stephanie Franco protected materials owned by First Principles and licensed exclusively to Executive Success that are protected by both trademark and copyright, and which were proprietary on the part of First Principles and Executive Success during the course of her participation in the Executive Success program in 2001.

23. Defendant Stephanie Franco signed a written confidentiality agreement with Executive Success agreeing that the materials were confidential and not to be disseminated.

24. Defendant Ross Institute and Rick Ross were individually or collectively paid to obtain the trademarked, copyrighted and protected materials of plaintiff from defendant Stephanie Franco.

25. Unknown to Executive Success, defendant Stephanie Franco breached the agreement that she had signed, and disseminated to Rick Ross and The Ross Institute a set of the protected materials.

26. In addition, the protected materials contained trademark and copyright notification pre-printed on all pages of the protected materials.

27. Defendant Rick Ross acknowledged in a July 29, 2003 Albany *Times Union* article and on the websites of defendants Rick Ross and The Ross Institute that he has obtained a set of the protected materials.

28. Despite knowing that the protected materials that it obtained from defendant Stephanie Franco were trademarked, copyrighted and subject to a confidentiality agreement, defendants Rick Ross and The Ross Institute obtained and utilized the protected materials for their own commercial purposes and disseminated the protected materials to defendant John Hochman, who, upon information and belief, was paid by Rick Ross and/or The Ross Institute to utilize, analyze and then disclose the protected materials or select portions of the protected materials of plaintiffs.

29. Defendant John Hochman obtained commercial benefit in obtaining the protected materials and disseminating the protected materials on the internet through Rick Ross and The Ross Institute to market themselves to the public.

30. Defendant John Hochman has specifically acknowledged that he obtained and utilized the plaintiffs' protected materials, which was done in violation of the trademark and copyright protections and the confidentiality agreement, and, upon information and belief, in awareness of the confidentiality agreement, and

prepared and issued a written report which utilized the protected materials, distorted the contents of the protected materials, misquoted and misdescribed the protected materials, and then provided said written report on the protected materials to The Ross Institute and Rick Ross which detailed these distortions on the internet.

31. Rick Ross and The Ross Institute, aware that the plaintiffs' materials were trademarked, copyrighted, proprietary and confidential, disseminated the Hochman analysis that defendants Rick Ross and/or The Ross Institute had funded on its website for distribution on the internet to obtain commercial benefit.

32. The Hochman report describing the protected materials that Rick Ross and The Ross Institute present on their website and which any individual accessing the website can obtain is false and misleading, and utilizes legally protected materials of plaintiffs in a distortive way and in violation of the trademark and copyright of plaintiffs, the agreement signed by defendant Stephanie Franco and the Lanham Act.

33. Defendants have placed false descriptions of plaintiffs' materials on a website owned by defendant Rick Ross called "cultnews.com" and characterized plaintiffs' business training program as "mind control" and "cult" activities, and included plaintiffs on an alphabetized list of organizations including the Arian Brotherhood, the Al-Quaeda and the Free Love Ministries.

34. Defendant John Hochman, Rick Ross, The Ross Institute and Stephanie Franco have conspired each with the other to breach the confidentiality agreement of defendant Franco, violate plaintiff's trademark and copyright, and utilize the proprietary materials of plaintiffs in violation of the Franco agreement, and to then distort the contents of the protected materials for commercial gain in violation of the Lanham Act.

35. Defendants Rick Ross and The Ross Institute obtain commercial gain using the protected materials to attract consumers and buyers to their website to purchase and utilize services and materials of The Ross Institute, Rick Ross and John Hochman.

36. Plaintiffs will be irreparably harmed by the utilization of its protected materials and information by defendants. A search under the internet search engine "Google" utilizing any number of combination of names including Executive Success produces Rick Ross and The Ross Institute as an internet portal to obtain false, distorted and protected information about Executive Success and the contents of its programs.

37. Anyone from the United States or overseas who would be interested in Executive Success who access the website of defendants Rick Ross and The Ross Institute will find proprietary information of plaintiffs, and there is no ability for plaintiffs to determine for certain the extent of which individuals who access the site have refused to utilize the services of or participating in Executive Success programs.

38. Individuals who have signed up for participation in the executive training program in the Albany, New York area have cancelled their registrations as a direct result of the dissemination of the false information by defendants and its inclusion on defendants' "cult" website.

39. Individuals have refused to associate their names with plaintiffs as a direct result of the dissemination of the false information by defendants. The townspeople where plaintiffs are seeking approval for their new building have contacted the Town Planning Board citing to defendants' websites and characterizing plaintiffs as a cult. Three prominent business and government leaders who had lent their names to plaintiffs for marketing have requested that plaintiff remove their names citing to defendants' website characterizations of plaintiffs as a "cult".

40. Competitors of plaintiffs, of which there are many in the field of professional development, would have the capability of accessing the site and obtaining the false materials and using what they obtain either as a criticism of plaintiffs or to duplicate certain aspects of plaintiffs' protected materials which are proprietary in nature, or to use the misstatements to compete against the plaintiffs.

41. Plaintiffs will suffer irreparable harm by the actions of defendants Rick Ross, The Ross Institute, John Hochman and Stephanie Franco, and have no adequate remedy at law.

> AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFFS STATE AND ALLEGE THE FOLLOWING:

42. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "41", inclusive with the same force and effect as if hereinafter set forth in full.

43. Defendants The Ross Institute, Rick Ross, John Hochman and Stephanie Franco made false and misleading representations in writing about the nature, characteristics and quality of the plaintiffs' services.

44. The misrepresentations were made by defendants on the internet and newspapers in commerce in connection with plaintiffs' services.

45. The use of the internet by defendants resulted in the dissemination of the false materials to the purchasing public.

46. The misrepresentations were made as part of and in the context of commercial advertising and promotion of the defendants by the defendants.

47. The misrepresentations were made for the purpose of influencing consumers to buy services of the defendants.

48. The misrepresentations by defendants cause the plaintiffs to know that damages will result from the false representations influencing consumers to buy services of the defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFFS STATE AND ALLEGE THE FOLLOWING:

49. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "48", inclusive with the same force and effect as if hereinafter set forth in full.

50. Defendants The Ross Institute, Rick Ross, John Hochman and Stephanie Franco individually and collaboratively made false and misleading statements in writing about the nature, characteristics and quality of the plaintiffs' services.

51. That defendants willfully conspired and engaged in the aforesaid overt actions in furtherance of their conspiracy to harm plaintiffs.

52. That the above actions of defendants were in direct violation of 15 U.S.C. §1125.

53. The misrepresentations by defendants cause the plaintiffs to know that damages will result from the false representations influencing consumers to buy services of the defendants.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFFS STATE AND ALLEGE THE FOLLOWING:

54. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "53", inclusive with the same force and effect as if hereinafter set forth in full.

55. Defendants The Ross Institute, Rick Ross, John Hochman and Stephanie Franco individually and collaboratively published portions of plaintiffs' protected materials of a proprietary nature.

56. That defendants willfully and knowingly utilized and published proprietary materials of plaintiffs in full violation of the trademark of plaintiffs.

57. That the above actions of defendants were in direct violation of 15 U.S.C. §1125.

58. The misrepresentations by defendants cause the plaintiffs to know that damages will result from the false representations influencing consumers to buy services of the defendants.

AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFFS STATE AND ALLEGE THE FOLLOWING:

Breach of Contract (Pendent Claim)

59. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "58", inclusive with the same force and effect as if hereinafter set forth in full.

60. That, at all times relevant hereto, the confidentiality agreement between defendant Stephanie Franco and plaintiff Executive Success was a legal and binding agreement between defendant Franco and plaintiff Executive Success.

61. Defendant Stephanie Franco breached the agreement in numerous and varied substantial ways including, but not limited to, providing defendants Rick Ross and/or The Ross Institute with a copy of plaintiffs' protected materials.

62. That by reason of the foregoing, the plaintiffs have sustained substantial damages for breach of contract.

AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFFS STATE AND ALLEGE THE FOLLOWING:

Conversion (Pendent Claim)

63. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "62", inclusive with the same force and effect as if hereinafter set forth in full.

64.     That defendants Rick Ross and The Ross Institute, individually and in conspiracy with defendants Stephanie Franco and John Hochman, converted to themselves and others money and other specific property and value belonging to the plaintiffs or to which the plaintiffs maintained an interest superior to that of each of said defendants.

65.     That the specific property converted by defendants included the trademarked, copyrighted, proprietary and confidential materials of plaintiffs.

66.     That defendants' receipt and possession of the aforementioned protected materials was an unauthorized control over said materials belonging to the plaintiffs and/or to which the plaintiffs had a superior interest to defendants.

67.     That each and all of the aforesaid actions were engaged in by defendants intentionally, wantonly and in flagrant disregard for the rights of the plaintiffs.

68.     That by reason of the defendants' conversion of said protected materials, the plaintiffs have sustained substantial damages.

AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFFS STATE AND ALLEGE THE FOLLOWING:

Fraud (Pendent Claim)

69.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "68", inclusive with the same force and effect as if hereinafter set forth in full.

70.     Defendants John Hochman, Rick Ross, The Ross Institute and Stephanie Franco have conspired each with the other to breach the confidentiality agreement of defendant Franco, violate plaintiff's trademark and copyright, and utilize the proprietary materials of plaintiffs in violation of the Franco agreement as detailed above.

71.     That defendants knew and actively engaged in the aforesaid action, and did so with the intention to deceive and/or defraud the plaintiffs.

72.     That the plaintiff was deceived by the actions of defendant Stephanie Franco and, as a result, have suffered substantial damages.

73.     WHEREFORE, plaintiff seek to obtain a preliminary injunction for the following relief:

a. a temporary and preliminary injunction order against defendants Rick Ross and The Ross Institute directing that said defendants remove from their websites www.rickross.com and www.cultnews.com and any website with which they have association any information pertaining to the NXIVM Corporation, Executive Success Programs, Inc. and First Principles, Inc.'s materials and information including, but not limited to, description of the program, description of program materials, statements about the program or program materials, use of the names NXIVM Corporation, Executive Success Programs, Inc. and First Principles, Inc., and any and all other information pertaining to NXIVM Corporation, Executive Success Programs, Inc. and First Principles, Inc. pending trial of this action;

b. a temporary and preliminary injunction order against all of the defendants preventing all of the defendants from utilizing, displaying, relaying, describing, explaining, characterizing, disseminating, and/or commenting on any of the NXIVM Corporation, Executive Success Programs, Inc. and First Principles, Inc. materials, information, course descriptions or other information pertaining to any other person or party and through any means whether it be emails, conversations, websites, correspondence, statements orally or in writing, or any other method of communication;

c. a temporary and preliminary injunction order against all of the defendants that the original and any and all copies of the NXIVM Corporation, Executive Success Programs, Inc. and First Principles, Inc. protected materials in the possession of all defendants be immediately returned to counsel for the plaintiff, and that any notes, writings or other documents pertaining to the materials in the possession of defendants be returned to plaintiff's counsel;

d. that a preliminary injunction issue pending trial;

e. compensatory damages in the sum of $2,430,000.00 against the defendants on each cause of action;

f. punitive damages in the sum of $7,290,000.00 on each cause of action; and

g. such other and further relief as this Court deems just, proper and equitable.

Plaintiffs hereby demand a jury trial with respect to both liability and damages.

Dated: August 5, 2003

TOBIN and DEMPF, LLP

Kevin A. Luibrand
Bar Roll No. 102083
Attorneys for Plaintiffs
Office and P.O. Address:
33 Elk Street
Albany, New York 12207
Telephone: (518)463-1177