**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

════════════════════════════════════

**NXIVM CORPORATION formerly known as EXECUTIVE SUCCESS PROGRAMS, INC.; and FIRST PRINCIPLES, INC.,**

                               **Plaintiffs,**

                                                              **1:03-CV-0976 (lead)**
                                                              **(GLS/DRH)**

                    **v.**

**ROSS INSTITUTE; RICK ROSS, also known as RICKY ROSS; STEPHANIE FRANCO; MORRIS SUTTON; and ROCHELLE SUTTON,**

                               **Defendants.**

════════════════════════════════════

**NXIVM CORPORATION formerly known as EXECUTIVE SUCCESS PROGRAMS, INC.; and FIRST PRINCIPLES, INC.,**

                               **Plaintiffs,**

                                                              **1:03-CV-1051 (member)**
                                                              **(GLS/DRH)**

                    **v.**

**PAUL MARTIN; and WELLSPRING RETREAT INC.,**

                      **Consolidated Defendants.**

════════════════════════════════════

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

Berstein Law Firm                          JUDD BERSTEIN, ESQ.
1790 Broadway
New York, New York 10019

**FOR THE DEFENDANTS:**

**FRANCO**
Riker, Danzig Law Firm                     ANTHONY J. SYLVESTER, ESQ.
Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962

Hinman, Howard Law Firm                    LINDA B. JOHNSON, ESQ.
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, New York 13902

**ROSS DEFENDANTS**

Martland & Brooks Law Firm                 DOUGLAS M. BROOKS, ESQ.
60 State Street
37th Floor
Boston, Massachusetts 02109

Gleason Dunn Law Firm                      THOMAS F. GLEASON, ESQ.
40 Beaver Street
Albany, New York 12207


**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

2

## I.  Introduction

In this motion, defendant Stephanie Franco (Franco) seeks an award of attorney's fees pursuant to 17 U.S.C. § 505 (Copyright Act).  For the following reasons, the motion is **DENIED.**

## II.  Background

The facts and procedural history underlying this litigation are comprehensively stated in *NXIVM Corp. v. Ross Institute*, 364 F.3d 471 (2d Cir. 2004) and the transcript of this court's March 30, 2005 hearing, which is incorporated herein by reference.  *See Tr.[1] pp. 4-14, Dkt. No.134*. However, a brief procedural recitation is necessary to lay the foundation for the pending motion.

NXIVM sued Franco and various co-defendants for copyright infringement under 17 U.S.C. §§ 106 and 106A, trademark disparagement under the Lanham Act, 15 U.S.C. § 1125(a), and for other state law claims under two separately-filed complaints.[2]  *See 03-cv-976 (976)*, *Compl., Dkt. No. 1; 03-cv-1051 (1051)*, *Compl., Dkt. No. 1.*  In response, Franco filed a

---

[1]"Tr." refers to the hearing transcript of this court's March 30, 2005 decision.  *See Dkt. No. 134.*

[2]Both cases and the complaints were subsequently consolidated by the court under the lead case, 03-cv-0976, for all purposes.  *See Tr. at 66, Dkt. No. 134.* Unless otherwise noted, all citations and references to the docket sheet pertain to the lead case, 976.

3

motion to dismiss the copyright infringement claim of the member

complaint, 1051, pursuant to FED. R. CIV. P. 12(b)(6).[3]  *See Dkt. Nos. 48,*

*81*.  NXIVM cross-moved, seeking leave to file an amended complaint.

*See Dkt. No. 80*.  However, NXIVM retained new counsel and requested to

supplement the cross-motion to amend with an entirely new proposed

complaint to consolidate both actions and to retract certain claims against

Franco and the other defendants.  *See 12/15/04 Minute Entry*.

Specifically, NXIVM withdrew its claim of copyright infringement against

Franco in the proposed amended complaint.  *See Prop. Am. Compl.*, *Dkt.*

*No. 116*.

    On March 30, 2005, the court addressed all the motions in sequential

order.[4]  As a result, Franco's motion to dismiss the copyright infringement

claim under FED. R. CIV. P. 12(b)(6) was granted.  *See 03/30/05 Minute*

*Entry*.  Specifically, the court dismissed the copyright infringement claim

against Franco in the 1051 complaint based upon its legal deficiencies and

---

[3]Franco also moved to dismiss other claims in the 1051 complaint and filed a motion for summary judgment in the 976 complaint.  *See Dkt. No. 126*.  Since Franco's application for attorney's fees relates only to the dismissal of the copyright infringement claim in the 1051 complaint, it is unnecessary for the court to address the disposition of the other motions.

[4]Franco's motion to dismiss under FED. R. CIV. P. 12(b)(6) was filed before NXIVM's cross-motion to amend the complaint.  *See Dkt. Nos. 48, 80*.

upon NXIVM's apparent withdrawal of this claim in the proposed amended complaint.  *See Tr. at 20, Dkt. No. 134*; *see Prop. Am. Compl., Dkt. No. 116*.  Franco now moves for attorney's fees associated with the dismissal of the copyright infringement claim under the Copyright Act.  *See Dkt. No. 52.*  On May 24, the court issued a text order directing Franco to submit its application in compliance with the lodestar method for the Northern District of New York.  *See 5/24/05 Text Order Entry*.  On May 26, Franco amended her invoices for attorney's fees in compliance with this district's lodestar rate.[5]  *See Dkt. No. 150*.  NXIVM opposes the motion.  *See Dkt. No. 135*.

## III.  Discussion

"Section 505 of the Copyright Act provides that: '[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.'"  *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc*., 246 F.3d

---

[5]Initially, Franco submitted invoices for attorney's fees in the amount of $26,216.78 for her defense of NXIVM's copyright infringement claim.  *See Dkt. No. 28*.  The court then directed Franco to comply with the lodestar rates for the Northern District of New York, thereby reducing the requested attorney's fees to $19,404.00.  *See 5/24/05 Text Order; Dkt. No. 150*.

142, 147 (2d Cir. 2001) (quoting 17 U.S.C. § 505).

Here, NXIVM challenges the application for attorney's fees under the Copyright Act based on two arguments: 1) Franco fails to satisfy the prevailing party requirement under the Copyright Act and, 2) NXIVM was not objectively unreasonable in asserting a copyright infringement claim against Franco.  The court addresses these issues seriatim.

### A.   Prevailing Party Status

It is well established that "a 'prevailing party' is one who has been awarded some relief by the court."  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603 (2001).  "The standard to apply when deciding whether a party has 'prevailed' is the same for plaintiffs and defendants."  *Boisson v. Banian Ltd.*, 280 F. Supp. 2d 10, 15 (E.D.N.Y. 2003) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Earth Flag, Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 665 (S.D.N.Y. 2001)).  "A party need not be successful on all claims to be deemed the 'prevailing party' under the Copyright Act."  *Id.* "Instead, a party may be deemed prevailing if it succeeds on a significant issue in litigation that achieves some benefits that the party sought in bringing suit." *Id.* (citing *Screenlife Establishment v. Tower Video, Inc.*, 868 F. Supp. 47,

6

50 (S.D.N.Y. 1994)).

In other words, to satisfy the definition of a "prevailing party" under a fee shifting provision of a statute, one must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by the court through a consent decree.  *See Buckhannon*, 532 U.S. at 603-04.  "[R]esults obtained without such an order d[o] not supply a basis for an award of attorneys' fees because '[a party's] voluntary change in conduct ... lacks the necessary judicial imprimatur' to render [someone] a prevailing party."  *J.C. v. Reg'l School Dist. 10, Bd. of Educ.*, 278 F.3d 119, 123 (2d Cir. 2002) (quoting *Buckhannon*, 532 U.S. at 605).

NXIVM first argues that Franco cannot satisfy the "prevailing party" status requirement under the Copyright Act since the court did not make a determination on the merits to dismiss the copyright infringement claim against Franco.  *See Pl.'s Br. p. 4, Dkt. No. 135*.  Rather, NXIVM contends that the court's dismissal was based entirely on NXIVM's decision to voluntarily withdraw that claim from the proposed amended complaint.  *See id.*  As such, NXIVM claims that the necessary "judicial imprimatur" as required by the Supreme Court's holding in *Buckhannon* is lacking.  532 U.S. at 603.

7

NXIVM also argues that the 1051 complaint did not contain a direct copyright infringement claim against Franco even though that specific cause of action refers to all the "[d]efendants." *See Pl.'s Br. p. 3, Dkt. No. 135; 1051 Compl., Dkt. No. 1.*  Instead, NXIVM argues that its intention was to assert a claim for contributory copyright infringement against Franco. *See Pl.'s Br. p. 4, Dkt. No. 135.*  To support this argument, NXIVM refers to the briefs that were previously submitted in its application for a temporary restraining order and preliminary injunction against the defendants. *See id. at 3.*  However, these arguments are unavailing for the following reasons.

First, the record is clear that this court issued an order pursuant to FED. R. CIV. P. 12(b)(6) dismissing the copyright infringement claim against Franco. *See 3/30/05 Oral Order; see also Dkt. No. 126.*  Secondly, NXIVM never made any arguments at the March 30, 2005 hearing or offered any facts in their opposition papers to indicate that this claim was anything other than a direct copyright infringement claim against Franco.[6]  *See Tr.,*

---

[6]Although both parties argue about the presence of a contributory copyright infringement claim in the initial proposed amended complaint, these arguments are meritless. *See Dkt. No. 80.*  This initial proposed complaint was withdrawn and superseded by a subsequent proposed amended complaint at the request of NXIVM's newly retained counsel. *See 12/15/04 Minute Entry; Dkt. No. 116.*

*Dkt. No. 134.*  Moreover, NXIVM's reliance on *Buckhannon*[7] for the

proposition that there was no judicial imprimatur is both misplaced and

distinguishable from the present case.  *See Pl.'s Br. p. 4, Dkt. No. 135.*

In *Buckhannon*, the plaintiffs brought suit against the defendants

based on their claim that a provision of the West Virginia code had violated

federal law.  532 U.S. at 600.  After a brief discovery period, the West

Virginia Legislature eliminated the provision that was at issue in the

litigation.  *Id*. at 601.  Plaintiffs then sought attorney's fees as the prevailing

parties under a "catalyst theory"[8] which was rejected by both the District

Court and the Fourth Circuit.  *Id* at 602.  Plaintiffs appealed and the

Supreme Court affirmed the denial of attorney's fees.  *Id*.  Specifically, the

Court held that attorney's fees could not be awarded since there was "no

judicially sanctioned change in the legal relationship of the parties" and that

---

[7]Despite the fact that the *Buckhannon* plaintiffs had sought attorney's fees pursuant to the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.,* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* the Second Circuit has interpreted the standards used to interpret the term "prevailing party" as applying to any given fee-shifting statute in which Congress has authorized an award of fees to a prevailing party. *See J.C.*, 278 F.3d at 123 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[8]Under the "catalyst" theory, a plaintiff was deemed to be a prevailing party under a fee-shifting provision statute despite the absence of a formal judgment in his favor and as long as the litigation led to a favorable result.  See *Marbley v. Bane*, 57 F.3d 224, 233-34 (2d Cir. 1995).  However, this interpretation was subsequently overruled by the Supreme Court.  *See Buckhannon*, 532 U.S. at 605.

defendant's voluntary change in conduct lacked the "necessary judicial *imprimatur* on the change."  *Id.* at 605.

Here, the court issued an oral order dismissing the copyright infringement claim.  *See 3/30/05 Oral Order.*  This judicial determination was made on the merits due to the obvious pleading deficiencies in the complaint. *See Pl.'s Br. p. 3, Dkt. No. 135; 1051 Compl., Dkt. No. 1.* Therefore, Franco was the prevailing party inasmuch as her motion to dismiss resulted in a judicially sanctioned material alteration of the legal relationship between the parties.  Although the court based its decision in part on NXIVM's voluntary withdrawal of that claim, the complaint clearly failed to assert any facts or allegations to support a copyright infringement claim against Franco.[9]  *See Tr. p. 20, Dkt. No. 134; Dkt. No. 126.*  A conclusion that NXIVM concedes by its present argument that there was no copyright infringement claim against Franco in the original member complaint.  *See Pl.'s Br. p. 3, Dkt. No. 135; 1051 Compl., Dkt. No. 1.*

---

[9]To establish such infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  NXIVM could not prevail on its claim of copyright infringement for the simple reason that it failed to present any meaningful facts or allegations against Franco for any acts of copying or inferences of such copying in the 1051 complaint.  *See e.g., Oriental Art Printing Inc. v. GS Printing Corp.* 34 Fed. Appx. 401, 402 (2nd Cir. 2002) (unpublished opinion).

Moreover, the court was required to exercise a high degree of judicial oversight and involvement in addressing the numerous motions in this case, including NXIVM's motion for leave to amend.  *See Tr. pp.19-67, Dkt. No. 134.*  Similarly, NXIVM's reliance on *Chambers v. Time Warner, Inc.*, 279 F. Supp. 2d 362 (S.D.N.Y. 2003) is inapposite because that case did not involve a judicial determination on the merits.[10]

Accordingly, Franco is a "prevailing party" under the Copyright Act. The court now moves to address the factors involving the court's equitable discretion in awarding fees under the Copyright Act.

## B.   Equitable Discretion in Awarding Attorney's Fees

It is well settled that "[a]ttorneys' fees are available to prevailing parties under [the Copyright Act] but are not automatic."  *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 117 (2d Cir. 2002) (citing *Fogerty*, 510 U.S. at 534).  "While '[t]here is no precise rule or formula for

---

[10]In *Chambers*, the district court initially dismissed the complaint under FED. R. CIV. P. 12(b)(6).  The district court's decision was then reversed by the Second Circuit and remanded for further proceedings.  *See id.* at 364-65.  On remand, plaintiffs moved to file a second amended complaint which withdrew all the copyright infringement claims.  *See id.*  The parties also entered into a stipulation of dismissal which was approved by the court.  *See id.* at 364. Defendant then sought attorney's fees as the prevailing party under the Copyright Act.  *See id.* However, the court denied the application and held that there was no longer a judicial determination on the merits of the copyright infringement claim since the Second Circuit reversed its original judgment.  *See id.*  The court also noted that the judicial oversight involved in permitting the amendment did not meet the degree of judicial oversight as set forth in *Buckhannon*.  *See id.*

making these determinations ... equitable discretion should be exercised.'" *Id*. (quoting *Hensley*, 461 U.S. at 436).

The Supreme Court has set forth, albeit *in dictum*, a non-exclusive list of factors to guide the court's exercise of discretion, "includ[ing] 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in the particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty*, 510 U.S. at 533 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (1986)); *see also Crescent*, 246 F.3d at 147.  However, "such factors may be used only 'so long as [they] are faithful to the purposes[11] of the Copyright Act.'"  *Matthew Bender & Co., Inc. v. West Publ'g. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (quoting *Fogerty*, 510 U.S. at 534 n.19).

In this regard, the Second Circuit has held that "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorney's fees is warranted."  *Matthew*

---

[11]It is well established that "[t]he two principal purposes behind the Copyright Act are securing a fair return for an author's creative labor and stimulating artistic creativity for the general public good."  *Ackoff-Ortega v. Windswept Pacific Entm't Co. (Inc.)*, 99-cv-11710, 2001 WL 225246, at *1 (S.D.N.Y. Mar. 2, 2001) (citing *Fogerty*, 510 U.S. at 526)).

12

*Bender*, 240 F.3d at 122 (collecting cases from other Circuits applying the objective unreasonableness standard to an award of attorney's fees). However, "[n]ot all unsuccessful litigated claims are objectively unreasonable." *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 96-cv-4126, 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004) (citing *CK Co. v. Burger King Corp.*, 92-cv-1488, 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995); *Ann Howard Designs, L.P. v. Southern Frills, Inc.*, 7 F. Supp. 2d 388, 390 (S.D.N.Y. 1998)).  "Rather, the courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Id.*  "The infirmity of the claim, while falling short of branding it as frivolous or harassing, must nonetheless be pronounced." *CK*, 1995 WL 29488, at *1.

Here, Franco asserts that NXIVM's pursuit of the copyright infringement claim was both objectively unreasonable and promulgated in bad faith. *See Def.'s Br. p. 7, Dkt. No. 128.*  Specifically, Franco argues that NXIVM's failure to identify any actions or facts in the member complaint to support a copyright infringement claim is evidence of objectively unreasonable behavior.  *See id.*  Franco cites to several cases

13

for the proposition that NXIVM acted objectively unreasonable in pursuing

its claim.  *See id. at 6.*  However, Franco's reliance on those cases is

misplaced since they involved an award of attorney's fees following

extensive discovery and the pursuit of baseless claims of copyright

infringement beyond the initial pleading stage.  *See Arclightz & Films PVT.

Ltd. v. Video Palace, Inc.*, 01-cv-10135, 2003 WL 22434153, at *5

(S.D.N.Y. Oct. 24, 2003) (defendant awarded $171,137 in fees following

summary judgment wherein evidence did not establish any claim for piracy

or copyright infringement); *Elements/Hill Schwartz, Inc. v. Gloriosa Co.*, 01-

cv-904, 2002 WL 31133391, at *2 (S.D.N.Y. Sep.  26, 2002) (defendant

awarded fees following summary judgment wherein plaintiff never identified

a specific instance of alleged infringement in the 21 months of litigation);

*Beverage Mktg. USA, Inc. v. S. Beach Beverage Corp.*, 97-cv-4137, 2002

WL 31844911, at *2 (S.D.N.Y. Dec. 19, 2002) (awarding $7,500 in fees

following summary judgment wherein it was visibly clear that copyrighted

bottles were not identical).

In the present case, there has been no extensive discovery.  Instead,

the copyright claim was dismissed under FED. R. CIV. P. 12(b)(6) at the

initial pleading stage of this litigation.  Although this case has been pending

for almost two years, the delay was caused by its appellate history and not by any extensive period of discovery.  Unlike the foregoing cases, NXIVM also had a reasonable basis for asserting a copyright infringement claim against Franco.  Indeed, it was portions of the NXIVM manual possessed by Franco that the codefendants used in publishing their articles.

Although the complaint failed to adequately plead the facts and allegations to support a copyright infringement claim, the court's decision to dismiss this claim with prejudice was not based on this deficiency alone. *See Tr. p. 20, Dkt. No. 134*.  Clearly, NXIVM realized at an early stage of the litigation after retaining new counsel that the viability of its copyright infringement claim against Franco was in jeopardy. *See Pl.'s Br. p. 3, Dkt. No. 3*.  A realization that may have been prompted by the Second Circuit's statement in a footnote that "a breach of a contractual duty would not *ipso facto* be a copyright infringement.  See *NXIVM*, 364 F.3d at 478 n.1.  Not to mention the difficulty that can be created when crossing the "murky area" between a copyright infringement and breach of contract claim. *Bassett v. Mashantucket Pequot Tribe*,  204 F.3d 343, 347 (2d Cir. 2000) (citation omitted).

Notwithstanding, the copyright infringement claim was also dismissed

15

with prejudice based on NIXVM's withdrawal of this claim in the amended complaint in order to delineate the issues in this case.   An otherwise tactical or "strategic decision" that NXIVM will have to live with during the pendency of this litigation.  *See Pl.'s Br. p. 5, Dkt. No. 135.*  Since "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted," the court does not find that NXIVM acted in bad faith or in an objectively unreasonable manner in pursuing a copyright infringement claim against Franco.  *Accord Matthew Bender*, 240 F.3d at 122.  Moreover, the court finds no evidence of frivolousness or bad motivation on the part of NXIVM in having pursued this claim in the initial stages of the case.

Finally, Franco contends that an award of attorney's fees will deter NXIVM from engaging in similar conduct in the future and also compensate her for defending this lawsuit.  *See Def.'s Br. p. 7, Dkt. No. 128.*  It would serve no purpose to award attorney's fees on this basis alone.  This is especially true when NXIVM has not taken an objectively unreasonable litigation position in this case.  *See Matthew Bender*, 240 F.3d at 122 (citing *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999).  As such, an award of fees based on this conduct would run

16

contrary to the purposes of the Copyright Act. *See id.*

Similarly, "financial disparity does not provide a basis to award attorneys' fees under the Copyright Act in the circumstances of this action." *Penguin*, 2004 WL 728878, at *5 (citing *Mitek*, 198 F.3d at 842). Although the relative financial strengths of the parties may well be a factor to consider in calculating the *amount* of attorney's fees awarded, this step is preceded by an initial determination that a party is entitled to an award of attorney's fees. *See, e.g.*, *Penguin*, 2004 WL 728878, at *5 (emphasis added). Moreover, Franco has failed to provide this court with any evidence to support any claim of financial hardship.[12]

Accordingly, Franco's motion for attorney's fees under the Copyright Act is **DENIED**.

## IV.  Conclusion

After carefully considering the submissions of the parties, the applicable law, and for the reasons stated herein, it is hereby ordered that

---

[12]It also appears that defense counsel for Franco is also charging his client for attorney's fees associated with the appeals to the Second Circuit and the Supreme Court of the United States. *See Dkt. No. 150.* However, these appeals were specifically based on District Judge McAvoy's denial of a temporary restraining order and preliminary injunction application against the other codefendants only. *See NXIVM*, 364 F.3d. at 471. Although a preliminary injunction was issued as to Franco, she never cross-appealed the court's decision. *See id.; see also Dkt. No. 54.* Therefore, the issues on the appeals had nothing to do with Franco and the costs associated with those appeals were unnecessary.

Franco's motion for attorney's fees is **DENIED**.

      **SO ORDERED.**

**Dated: August 2, 2005**
      **Albany, NY**

Gary L. Sharpe
U.S. District Judge